

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LYLE EUGENE WILLIAMS,          §
                               §
          Movant,              §
                               §
VS.                            §   NO. 4:20-CV-441-A
                               §   (NO. 4:16-CR-007-A)
UNITED STATES OF AMERICA,      §
                               §
          Respondent.          §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Lyle Eugene

Williams, movant, to vacate, set aside, or correct sentence

under 28 U.S.C. § 2255. The court, having considered the motion,

the government's response, the record, including the record in

the underlying criminal case, No. 4:16-CR-007-A, and applicable

authorities, finds that the motion should be denied.

I.

Background

Information contained in the record of the underlying

criminal case reflects the following:

On January 13, 2016, movant was named in a one-count

indictment charging him with destruction of mail, in violation

of 18 U.S.C. § 1705. CR Doc.[1] 1. On February 2, 2016, movant

appeared before the court with the intent to enter a plea of

---

[1] The "Crim. Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-007-A.

guilty to the offense charged without benefit of a plea agreement. CR Doc. 18. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 19. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 39.

The probation officer prepared the PSR, which reflected that movant's base offense level was 6. CR Doc. 22 ¶ 18. He received a two-level increase because the offense involved ten or more victims. Id. ¶ 20. He received a two-level decrease for acceptance of responsibility. Id. ¶ 26. Based on a total offense level of 6 and a criminal history category of V, movant's

guideline imprisonment range was 9-15 months. Id. ¶ 80. The
probation officer discussed factors that might warrant departure
based on movant's substantial criminal history not considered in
computing his criminal history category, id. ¶ 95, as well as
factors that might warrant a sentence outside the advisory
guideline system. Id. ¶¶ 98-99. Movant filed objections, CR Doc.
24, and the probation officer prepared an addendum to the PSR,
noting again that the court could take into account prior
sentences not used in computing the criminal history category to
determine if an upward departure or variance was appropriate. CR
Doc. 26.

On June 3, 2016, movant was sentenced to a term of
imprisonment of 36 months to run consecutively to any future
sentence imposed in a then-pending case in Tarrant County,
Texas. CR Doc. 33. Movant appealed, CR Doc. 35, and his sentence
was affirmed. CR Docs. 41, 42. The United State Supreme Court
denied his petition for writ of certiorari. CR Doc. 43.

After his release from imprisonment, movant repeatedly
violated the conditions of his term of supervised release. CR
Docs. 45, 50, 59. The government filed a motion to revoke
movant's term of supervised release. CR Doc. 59. Movant admitted
that all of the allegations stated in the motion to revoke were
true. CR Doc. 70. The court revoked movant's term of supervised

3

release and sentenced him to a term of imprisonment of 12 months, which was the greatest sentence the court could impose. CR Doc. 63. Movant did not appeal.

II.

### Ground of the Motion

Movant asserts one ground in support of his motion. He alleges that he received ineffective assistance of counsel at his revocation hearing. Doc.[2] 1. In support of his ground, he alleges:

> Counsel John J. Stickney was ineffective on 4-23-2019 during the Movant's Supervised Release revocation hearing. Movant charges specifically that counsel failed to move the court to order the revocation sentence to be served concurrently with Movant's State Court sentences that Movant was serving at that time. Movant was prejudiced by the omission because 18 U.S.C. Section 3584 presumes a sentence is consecutive—under these circumstances—in the absence of a court stating otherwise. This in effect caused me to serve more time because sentence didn't begin at imposition.

Id. at PageID[3] 4.

---

[2] The "Doc. ___" reference is to the number of the item on the docket in this civil case.
[3] The "PageID ___" reference is to the page number assigned by the court's electronic filing system and is used because the type-written page numbers on the form used by movant are not the actual page numbers of the document.

4

III.

### Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

5

is thereafter precluded from urging the same issues in a later
collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th
Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-
18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim,
movant must show that (1) counsel's performance fell below an
objective standard of reasonableness and (2) there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687 (1984); see also
Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not
determine whether counsel's performance was deficient before
examining the prejudice suffered by the defendant as a result of
the alleged deficiencies." Strickland, 466 U.S. at 697; see also
United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).
"The likelihood of a different result must be substantial, not
just conceivable," Harrington v. Richter, 562 U.S. 86, 112
(2011), and a movant must prove that counsel's errors "so
undermined the proper functioning of the adversarial process
that the trial cannot be relied on as having produced a just
result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting
Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

6

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

### IV.

### Analysis

As the government notes, movant's conclusory allegations are insufficient to state a ground for relief. Miller, 200 F.3d at 282. Movant does not identify the state sentences to which he alludes. Nor does he explain why the sentences should have run concurrently. Movant was certainly aware that the court had ordered that his original sentence be served consecutively to any state sentence imposed. There is simply no reason to believe that the court would have ordered otherwise with regard to the revocation sentence. And, in fact the sentencing guidelines provide that any term of imprisonment imposed upon revocation of supervised release be ordered to be served consecutively to any sentence of imprisonment the defendant is serving. USSG 7B1.3(f). Thus, movant has not shown, and cannot show, any prejudice.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 30, 2020.

JOHN McBRYDE
United States District Judge

8